# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| OLGA V. DUNINA, | : | |
| Plaintiff, | : | Case No. 3:06CV383 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| MIAMI COUNTY COMMON PLEAS VISITING JUDGE JONATHAN HEIN, | : | |
| | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

### I.  INTRODUCTION

Plaintiff Olga V. Dunina, a resident of Brookville, Ohio, brings this case *pro se* challenging a state judge's conduct and decisions in her domestic relations case.

The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. §1915.  This case is presently before the Court for a *sua sponte* review to determine whether Plaintiff's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a named defendant who is immune from such relief.  If the Complaint suffers from one or more of these deficiencies, it must be dismissed under 28 U.S.C. §1915(e)(2)(B).

---

[1]  Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

II.     PLAINTIFF'S COMPLAINT

Documents attached to Plaintiff's Complaint establish that she was born in Russia; she was granted United States Citizenship on June 17, 1999; she is a neurologist; and she has a daughter and two sons.

Plaintiff alleges in her Complaint that a Civil Protection Order was entered in her case concerning abuse by her ex-husband. Despite her ex-husband's repeated violations of the Civil Protection Order, Jonathan Hein, a visiting judge in the Miami County, Ohio, Court of Common Pleas, failed to enforce the terms of the Civil Protection Order. Plaintiff also alleges that Judge Hein assisted her husband in various ways. For example, according to Plaintiff, Judge Hein asked her to keep her utility service in her abusive and violent ex-husband's name. This permitted her ex-husband to harass her by having the electricity to her home shut-off, and also enabled her ex-husband to obtain and retain a $5,000.00 rebate on a hot spa. Plaintiff maintains that the rebate should have gone to her. Plaintiff further asserts that Judge Hein failed to enforce his own Orders concerning the division of Plaintiff and her ex-husband's marital property.

According to Plaintiff, Judge Hein often facilitated the criminal behavior of her ex-husband by refusing to respond to her motions concerning her ex-husband's repeated violations of the Civil Protection Order. Plaintiff's Complaint describes these criminal violations and Judge Hein's actions or inactions, particularly his failure to require her ex-husband to show cause why he should not be held in contempt of court. The acts of contempt committed by Plaintiff's ex-husband include (1) attempting to kill his stepson during a fit of psychotic range; (2) stealing the family truck immediately after perpetrating domestic violence against Plaintiff; (3) failing to return the family truck; (4) forcefully taking three cars for his own use, leaving his

family with no vehicle; and (5) stealing $6,000.00 from their joint bank account, leaving Plaintiff with nothing when she was in a sick and disabled condition.

Plaintiff claims that Judge Hein failed to require her ex-husband to show cause why he and his attorney should not be held in contempt after they attempted to force Plaintiff to agree to a Joint Entry concerning a release of the Civil Protection Order, and that Judge Hein denied Plaintiff an evidentiary hearing in violation of Ohio case law. Plaintiff argues, "The arbitrary refusal of a hearing was a denial of due process to Plaintiff pursuant to *In re Schott*, 160 App.2d 42, 75 [sic]."[2]  (Doc. #2 at ¶42).

Plaintiff summarizes, in part, her allegations and claims as follows:

> JUDGE HEIN has not enforced Plaintiff's Domestic Violence Protection order.
>
> JUDGE HEIN took house and car from Domestic Violence Abused Plaintiff Olga Dunina, a Russian Immigrant Refugee in violation of CPO [Civil Protection Order] and Divorce decree, that awarded house and car to the victim of violent abuse, disabled and sick, without job, Olga Dunina.
>
> JUDGE HEIN ... has violated Plaintiff Dunina['s] constitutional rights in his decisions and failure to make decisions....

(Doc. #42 at ¶s 44-46).

Plaintiff seeks an Order from this Court requiring Judge Hein to enforce the Civil Protection Order, particularly requiring her ex-husband (1) to pay fifty percent of house expenses from January 2, 2004, (2) to file and record a quit claim deed only in Plaintiff's name, concerning their marital real estate, and (3) to order her ex-husband and his new wife to pay damages and spousal support. Plaintiff further seeks an Order requiring Judge Hein "to cease

---

[2]  This mis-cite apparently refers to *In re Schott*, 16 Ohio App.2d 72 (1968).

and desist the holding of a contempt hearing on December 12, 2006 to jail Plaintiff, Olga Dunina, the victim of domestic violence...." (Doc. #2 at ¶53).

### III.    STANDARDS OF REVIEW

By enacting the original *in forma pauperis* statute, the United States Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress authorized the federal courts to *sua sponte* dismiss an *in forma pauperis* Complaint if it is frivolous or malicious. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B).

Viewing an *in forma pauperis* Complaint through lens of §1915(e)(2)(B), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal. *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A Complaint has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *See Denton,* 504 U.S. at 32; *see also Lawler,* 898 F.2d at 1199.

Congress has also authorized the *sua sponte* dismissal of a Complaint that fails to state a claim upon which relief may be granted or that seeks monetary relief from a defendant who is immune from such relief in this Court. 28 U.S.C. §1915(e)(2)(B).

To determine whether a Complaint fails to state a claim upon which relief may be

granted, the factual allegations in the Complaint must be taken as true and construed in a light most favorable to the plaintiff. *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995). The Court liberally construes a *pro se* Complaint in the plaintiff's favor. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see Williams v. Browman*, 981 F.2d 901, 903 (6th Cir. 1992). "A pro se Complaint is held to an especially liberal standard, and should only be dismissed for failure to state a claim if it appears 'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000)(quoting in part *Estelle*, 429 U.S. at 106).

The Court "need not accept as true legal conclusions or unwarranted factual inferences." *Mixon v. State of Ohio*, 193 F.3d 389, 400 (6th Cir. 1999). Indeed, a Motion to Dismiss is often a proper procedural device for resolving pure questions of law. *E.g., Mixon*, 193 F.3d at 400 and n.9.

**IV.   DISCUSSION**

Accepting Plaintiff's allegations as true and construing her Complaint liberally in her favor reveals that her claims are subject to dismissal under 28 U.S.C. §1915(e)(2)(B).

To support a federal constitutional claim, enforceable by way of 42 U.S.C. §1983, Plaintiff must allege facts showing that the named defendant engaged in conduct under color of state law and that the alleged conduct deprived her of a right secured by the Constitution or law of the United States. *Markva v. Haveman*, 317 F.3d 547, 552 (6th Cir. 2003).

Plaintiff's Complaint sufficiently alleges that Judge Hein acted under the color of Ohio law. She thus satisfies the first element of a §1983 claim. However, Plaintiff's Complaint fails as a matter of law for two reasons.

First, the doctrine of absolute immunity shields Judge Hein from Plaintiff's federal constitutional claims. Plaintiff's claims against Judge Hein rest on his actions and inactions in connection with a Civil Protection Order and with her domestic relations case pending in the Miami County Court of Common Pleas. Judge Hein's alleged conduct thus involved paradigmatic judicial decisions or acts of actual adjudication triggering absolute judicial immunity. *See Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997).

Second, Plaintiff's challenges to Judge Hein's decisions concerning her ex-husband's violations of the Civil Protection Order, any contempt proceedings or lack of contempt hearings, and the division of marital property, and her remaining allegations and claims are precluded under the *Rooker-Feldman* doctrine. "The *Rooker-Feldman* doctrine ... stands for the proposition that a party aggrieved by a state-court decision, cannot appeal that decision to a district court, but must instead petition for a writ of certiorari from the United States Supreme Court. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004)(citations omitted). The *Rooker-Feldman* doctrine bars two categories of cases:

> First, when the federal courts are asked to 'engage in appellate review of state court proceedings,' the doctrine necessarily applies... In determining whether a plaintiff asks for appellate review, [the lower federal courts] look to the relief sought ... or asks the question whether the plaintiff alleges 'that the state court's judgment actively caused him injury [rather than] merely failing to address a preexisting injury....
>
> The second category of cases barred by *Rooker-Feldman* are those which allege an injury that predates a state-court determination, but present issues inextricably intertwined with the claim asserted in the prior state court proceeding.... 'The federal claim is inextricably intertwined with the state-court judgment when the federal claim succeeds only to the extent that the state court wrongly decided the issues before it....'

*DLX, Inc.*, 381 F.3d 516 (citations omitted).

The *Rooker-Feldman* doctrine bars Plaintiff's claims in this case because her claims and request for relief fall into the first category of cases to which the *Rooker-Feldman* doctrine applies. Her claims are based on her disagreements with Judge Hein's judicial decisions, including his alleged failure to enforce the Civil Protection Order. Consequently, her claims concern the harm she has suffered as a result of Judge Hein's judicial decisions in her domestic relations case.

If, moreover, this Court were to grant to Plaintiff the relief she requests, the resulting Order would require Judge Hein to reverse, or at least vacate, his judicial decisions in Plaintiff's domestic relations case. Consequently, Plaintiff's request for relief in essence asks this Court to engage in an appellate review of Jude Hein's decisions for the purpose of determining whether those decisions were wrongly decided. Without such a review, this Court could not provide Plaintiff with the relief she mainly seeks. The *Rooker-Feldman* doctrine therefore bars this Court from adjudicating Plaintiff's claims. *See Marshall v. Bowles*, 92 Fed. Appx. 283, 284 (6th Cir. 2004); *see also Danforth v. Celebrezze*, 76 Fed. Appx. 615, 616 (6th Cir. 2003).

Accordingly, because absolute immunity bars Plaintiff's claims against Judge Hein and because the *Rooker-Feldman* doctrine bars Plaintiff's claims, her Complaint must be dismissed under 28 U.S.C. §1915(e)(2)(B).

**IT IS THEREFORE RECOMMENDED THAT:**

1.   Plaintiff Olga V. Dunina's Complaint be DISMISSED;

2.   The Court certify pursuant to 28 U.S.C. §1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. If so certified, Plaintiff, a non-prisoner, would remain free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); and

3. The case be terminated on the docket of this Court.


December 12, 2006

                                                                                                             s/ Sharon L. Ovington
                                                                                                                Sharon L. Ovington
                                                                                           United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).